**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **PROFESSOR DOE 1**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF THE NAVY**;<br><br>**HUNG CAO**, in his official capacity as Acting Secretary of the Navy;<br><br>**SAMARA L. FIREBAUGH**, in her official capacity as Provost of the United States Naval Academy; and<br><br>**MICHAEL J. BORGSCHULTE**, in his official capacity as Superintendent of the United States Naval Academy,<br><br>Defendants. | Civil Action No. ____________<br><br>**CLASS ACTION**<br><br>Jury Trial Not Demanded |

**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
(Administrative Procedure Act, 5 U.S.C. §§ 701–706; Fed. R. Civ. P. 23(b)(2))

Plaintiff Professor Doe 1, individually and on behalf of the proposed class defined below, by undersigned counsel, alleges on personal knowledge as to Plaintiff's own circumstances and otherwise on information and belief as follows:

## I. NATURE OF THE ACTION

1. This action challenges the United States Naval Academy's completed adoption and present application of PROVOSTINST 12335.1E, an Academy-wide instruction that eliminated the established procedures for considering civilian faculty members for academic tenure.

2. Plaintiff holds an existing tenure-track civilian-faculty appointment at the United States Naval Academy ("USNA" or "Academy"). Plaintiff received a supplemental appointment communication specifying that Plaintiff's promotion-and-tenure review would occur in spring 2027, and a subsequent reappointment letter reaffirmed Plaintiff's tenure-track status and the spring 2027 review timetable.

3. On November 2, 2026, the Academy's Provost issued PROVOSTINST 12335.1E. The instruction removed all policy, procedures, and reporting requirements concerning academic tenure and the Yard-Wide Promotion and Tenure Committee, canceled the predecessor instruction governing promotion-and-tenure recommendations, and provided no identified transition procedure for incumbent tenure-track faculty.

4. The Academy's still-published Faculty Handbook provides for tenure consideration of tenure-track faculty, assigns individualized review dates through supplemental appointment letters, and requires faculty members entering their sixth year of tenure probation to be considered by the Yard-Wide Promotion and Tenure Committee.

5. Plaintiff seeks lawful consideration under the appointment and review framework applicable to Plaintiff's existing tenure-track appointment. Plaintiff does not seek an order awarding tenure, dictating the outcome of any academic evaluation, or preventing Defendants from applying lawful substantive standards in an actual tenure review.

6. Plaintiff seeks declaratory and prospective injunctive relief preserving the tenure-review opportunities of incumbent tenure-track faculty while the Court determines whether Defendants lawfully eliminated the only identified review procedure applicable to those appointments.

## II. PARTIES

7. Plaintiff Professor Doe 1 is a civilian faculty member employed at USNA in Annapolis, Maryland. Plaintiff holds a tenure-track appointment and is scheduled for promotion-and-tenure review in spring 2027.

8. Plaintiff proceeds under the pseudonym "Professor Doe 1" in this public pleading and contemporaneously moves for leave to proceed pseudonymously. Plaintiff's use of a pseudonym does not presume that the Court has granted the requested relief.

9. Defendant Department of the Navy ("Navy") is the federal executive department responsible for USNA and the Academy policies challenged in this action.

10. Defendant Hung Cao is the Acting Secretary of the Navy and is sued solely in his official capacity.

11. Defendant Samara L. Firebaugh is the Provost of USNA and is sued solely in her official capacity. Provost Firebaugh issued PROVOSTINST 12335.1E and oversees Academy faculty policies and review procedures.

12. Defendant Michael J. Borgschulte is the Superintendent of USNA and is sued solely in his official capacity. The Superintendent exercises authority relevant to the administration of Academy faculty policies.

## III. JURISDICTION, REVIEWABILITY, AND VENUE

13. This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. This Court has federal-question jurisdiction under 28 U.S.C. § 1331. The Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, supplies remedies but not an independent basis for jurisdiction.

14. Plaintiff seeks relief other than money damages against a federal agency and federal officers acting in their official capacities. Section 702 of the APA waives the United States' sovereign immunity for such claims. 5 U.S.C. § 702.

15. The APA directs a reviewing court to decide relevant questions of law and to hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or that was undertaken without observance of procedure required by law. 5 U.S.C. § 706(2)(A), (D).

16. Plaintiff challenges the Academy's completed promulgation and present application of PROVOSTINST 12335.1E to preexisting tenure-track appointments. Plaintiff does not challenge a completed individual denial of tenure, removal, suspension, reduction in grade or pay, or other completed adverse personnel action.

17. PROVOSTINST 12335.1E constitutes final agency action because it consummated the Academy's decision to cancel the predecessor instruction, removed the tenure-review procedures and committee, and presently governs the processing of civilian-faculty review packages.

18. Finality exists where the challenged action marks the consummation of the agency's decision-making process and determines rights or obligations or produces legal consequences, rather than functioning as a tentative or interlocutory step. *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).

19. The challenged action has direct and present consequences. PROVOSTINST 12335.1E canceled the operative instruction governing tenure recommendations, removed the designated tenure-review committee and procedures, and left no further Academy decision as to whether those canceled procedures presently remain available for Plaintiff's scheduled review.

20. The controversy is ripe because Plaintiff's established review period is approaching, the predecessor instruction required promotion-and-tenure packages in mid-January, and the replacement instruction supplies no tenure-package procedure, designated evaluator, or substitute review mechanism.

21. Those consequences do not depend on a future individual tenure denial. Plaintiff already faces the loss or material impairment of the process needed to prepare, submit, and obtain consideration of Plaintiff's tenure candidacy during the scheduled review cycle.

22. The Academy's limited appeal from an actual tenure determination does not provide an avenue for reviewing a merits decision that cannot occur because the challenged instruction removed the initial review mechanism.

23. Plaintiff does not ask the Court to bypass an available administrative appeal from an individual personnel action. Plaintiff invokes APA review only to the extent the challenged antecedent, generally applicable instruction and the prospective relief sought are not committed exclusively to a Civil Service Reform Act process.

24. Withholding review until Plaintiff's spring 2027 review opportunity expires would not further develop the central legal issue—whether the Academy lawfully eliminated the existing review route without addressing incumbent appointments—but would permit the alleged injury to occur.

25. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because USNA is located in Annapolis, Maryland, Plaintiff's appointment and scheduled review are administered there, and a substantial part of the events and omissions giving rise to this action occurred in this District.

## IV. FACTUAL ALLEGATIONS

### A. The Academy's Tenure-Track Review Framework

26. Congress has authorized the Secretary of the Navy to employ civilian professors, instructors, and lecturers at USNA. 10 U.S.C. § 8452. Acting under that authority, the Academy adopted and published policies governing civilian-faculty appointments, reappointments, academic promotion, and tenure consideration.

27. On May 19, 2023, the Provost promulgated PROVOSTINST 5400.2A, the USNA Faculty Handbook ("Handbook"). The promulgating instruction directs that the Handbook's policies "shall be adhered to."

28. The Handbook establishes the Yard-Wide Promotion and Tenure Committee and provides that tenure-track faculty are eligible for consideration for promotion and tenure.

29. The Handbook provides that a covered faculty member's first review date is specified in a supplemental appointment letter.

30. The Handbook further provides that a faculty member entering the sixth year of tenure probation "must be considered" by the Yard-Wide Promotion and Tenure Committee during that year, whether or not a lower-level recommendation is favorable.

31. The Handbook separately provides a limited written appeal to the Superintendent following specified Provost decisions concerning tenure or promotion. That appeal presupposes an initial merits determination and does not supply a procedure for conducting an omitted initial tenure review.

### B. Plaintiff's Existing Appointment and Scheduled Review

32. Before beginning duties at USNA, Plaintiff received a supplemental appointment communication establishing a tenure-probation timetable and stating that Plaintiff's promotion-and-tenure review would occur in spring 2027.

33. The supplemental appointment communication also addressed the possibility of an additional, final probationary appointment if tenure were not granted following the scheduled sixth-year review. Plaintiff does not allege that the communication guaranteed a favorable tenure decision.

34. In 2026, before the challenged policy change, the Academy's Provost issued Plaintiff a written reappointment letter that again identified Plaintiff as tenure-track and confirmed that Plaintiff's promotion-and-tenure review would occur in spring 2027.

35. The reappointment letter stated that a successful tenure candidacy would result in conversion to a tenured appointment. In reliance on the appointment documents and the Academy's published framework, Plaintiff continued teaching, conducting scholarship, and preparing for the established review cycle.

36. Plaintiff's appointment documents establish a specific and imminent review period, not merely a generalized expectation based on historical Academy practices.

### C. The Removal of Tenure-Review Procedures

37. On February 10, 2026, Provost Firebaugh issued PROVOSTINST 12335.1D, entitled *Procedures Concerning the Preparation of Recommendations for Academic Promotion, Tenure, and Reappointment.*

38. PROVOSTINST 12335.1D assigned tenure-related responsibilities to department chairs, provided for observations by members of the promotion-and-tenure committee, and required promotion-and-tenure packages to be submitted in mid-January.

39. On September 29, 2026, the Secretary of Defense (also styled the Secretary of War) issued a memorandum directing the military-department secretaries to cease appointing civilian employees to tenured positions at the military service academies and to develop revised hiring plans.

40. The September 29 memorandum did not expressly address how the directive would apply to incumbent faculty members whose tenure-track appointments and scheduled reviews predated the memorandum.

41. On November 2, 2026, Provost Firebaugh issued PROVOSTINST 12335.1E, replacing PROVOSTINST 12335.1D.

42. PROVOSTINST 12335.1E states that the revision removes all policy, procedures, and reporting requirements concerning academic tenure and the Yard-Wide Promotion and Tenure Committee.

43. The replacement instruction cancels PROVOSTINST 12335.1D, removes tenure from the instruction's subject, deletes tenure-related duties assigned to department chairs, substitutes an academic-promotion committee for the former promotion-and-tenure committee, and addresses academic-promotion packages rather than promotion-and-tenure packages.

44. PROVOSTINST 12335.1E contains no identified exception, grandfathering process, transition procedure, substitute tenure-review mechanism, or other stated accommodation for incumbent tenure-track appointees whose written appointment documents establish scheduled tenure reviews.

45. The Academy also revised the candidate worksheet accompanying the instruction. The earlier worksheet requested the date on which a tenure candidate's tenure clock began, whereas the revised worksheet contains no tenure-clock entry.

46. The Handbook's mandatory sixth-year consideration provisions remain published. PROVOSTINST 12335.1E does not state that those provisions have been rescinded, identify a lawful basis for depriving incumbent appointees of their scheduled review, or explain how mandatory consideration will occur after removal of the designated committee and procedures.

47. Plaintiff has not received written assurance that Plaintiff will receive the scheduled spring 2027 tenure consideration through the Yard-Wide Promotion and Tenure Committee or through a legally sufficient substitute process.

48. The cancellation of the tenure-review procedures creates present uncertainty concerning the required submission materials, evaluators, calendar, and disposition of Plaintiff's tenure candidacy.

**D. Notice to Defendants and Absence of a Transition Determination**

49. On November 6, 2026, Plaintiff's counsel sent written notice to Provost Firebaugh and Superintendent Borgschulte concerning the September 29 memorandum and PROVOSTINST 12335.1E.

50. The November 6 notice identified the Handbook's sixth-year review requirement and existing appointment and reappointment letters for faculty whose tenure reviews fell within academic year 2026–2027.

51. The notice requested confirmation that incumbent tenure-track faculty would remain eligible for review on their established tenure clocks and under legally operative

procedures. It also requested identification of any grandfathering determination or replacement review mechanism. The notice did not identify Plaintiff by name.

52. On November 13, 2026, Academy counsel responded in writing on behalf of the Superintendent and Provost.

53. The response acknowledged the November 6 notice and stated that Academy leadership implements policies and guidance issued by departmental authorities.

54. The response did not identify a grandfathering determination, state whether existing tenure-track reviews would proceed, identify a substitute review mechanism, reconcile the November instruction with the Handbook, or provide the requested assurances.

55. The response did not expressly order cancellation of Plaintiff's individual tenure review, and Plaintiff does not allege that it did.

56. Plaintiff's spring 2027 review is approaching. Without prompt relief, Plaintiff risks being unable to prepare and submit the materials necessary for consideration during the scheduled review cycle.

## V. CLASS ACTION ALLEGATIONS

57. Plaintiff seeks certification under Federal Rules of Civil Procedure 23(a) and 23(b)(2) of the following class:

> All persons who held civilian tenure-track faculty appointments at the United States Naval Academy as of September 29, 2026, and who, under their existing written appointments and applicable Academy policies, had not yet completed the tenure-review process, to the extent application of PROVOSTINST 12335.1E threatens to eliminate or materially impair their previously available tenure-review opportunity.

58. Persons who already held tenure as of September 29, 2026, are excluded from the proposed class.

59. On information and belief, public reporting in September 2026 indicated that approximately seventy-eight USNA civilian faculty members were tenure-track. Not every such faculty member necessarily satisfies the proposed class definition. The precise number of class members, their appointment terms, and their review dates are within Defendants' possession or control.

60. On information and belief, the proposed class is sufficiently numerous that joinder of all members is impracticable.

61. Common questions include whether PROVOSTINST 12335.1E eliminated the tenure-review route previously available to incumbent tenure-track faculty; whether the Handbook's sixth-year consideration requirement remains operative for existing appointments; whether Defendants were required to address existing review schedules and reliance interests; and whether generally applicable prospective relief should preserve those review opportunities.

62. Plaintiff's claim is typical because Plaintiff is an incumbent tenure-track civilian faculty member whose uncompleted review framework is affected by the same Academy-wide removal of tenure procedures.

63. Plaintiff seeks no preferential or individualized substantive tenure outcome.

64. Plaintiff will fairly and adequately protect the proposed class's interests. Plaintiff has no identified conflict with class members concerning preservation of the preexisting tenure-review opportunity and is represented by counsel experienced in federal-employment and complex litigation.

65. Defendants have acted or declined to act on grounds generally applicable to the proposed class through an Academy-wide instruction and an undifferentiated response to concerns regarding incumbent tenure-track faculty.

66. A single declaratory judgment or injunction addressing the legality of applying PROVOSTINST 12335.1E to incumbent tenure-track faculty would provide relief to the proposed class without deciding any individual candidate's academic qualifications or tenure outcome. Rule 23(b)(2) applies when a single injunction or declaratory judgment would provide relief to each member of the class, and it does not authorize individualized monetary awards. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360–61 (2011).

## VI. COUNT I — ADMINISTRATIVE PROCEDURE ACT

### Agency Action Not in Accordance with Law and Without Observance of Procedure Required by Law (5 U.S.C. § 706(2)(A), (D))

67. Plaintiff incorporates paragraphs 1 through 66 as though fully set forth herein.

68. The Academy promulgated the Handbook through an institutional instruction directing that its policies "shall be adhered to." The Handbook provides that covered faculty entering their sixth year of tenure probation "must be considered" by the Yard-Wide Promotion and Tenure Committee.

69. Plaintiff's appointment documents established a spring 2027 promotion-and-tenure review, and the Academy reaffirmed that timetable in Plaintiff's 2026 reappointment letter.

70. PROVOSTINST 12335.1E removed all tenure-related procedures and the Yard-Wide Promotion and Tenure Committee, canceled the predecessor instruction governing promotion-and-tenure submissions, and provided no stated procedure for conducting Plaintiff's scheduled review.

71. Defendants' elimination of the only identified tenure-review procedure applicable to Plaintiff's scheduled review, without identifying a transition procedure, substitute process, or disposition of Plaintiff's appointment-specific review opportunity, conflicts with the Academy's still-published tenure-review framework.

72. Where an agency's own rules impose binding procedural requirements intended to protect individuals, the agency must follow them unless and until they are lawfully amended or rescinded. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954); *Service v. Dulles*, 354 U.S. 363, 372, 388–89 (1957). That obligation extends to internal agency guidance that is designed to protect individual rights or intended to have the force of law. *See Orellana v. Bondi*, 141 F.4th 560, 566 (4th Cir. 2025). The Handbook's mandatory sixth-year consideration requirement, promulgated with the directive that it "shall be adhered to" and running to individual faculty candidates, satisfies that standard. Plaintiff and the proposed class are substantially prejudiced by Defendants' failure to follow that requirement, because they stand to lose the scheduled tenure consideration it guarantees.

73. Independently, Defendants provided no contemporaneous, reasoned explanation, transition procedure, grandfathering determination, or identified lawful basis for applying PROVOSTINST 12335.1E to appointment-specific tenure-track status and review schedules established before the policy change.

74. Applying PROVOSTINST 12335.1E to Plaintiff and the proposed class without lawfully rescinding, reconciling, or replacing the Handbook's mandatory-review requirements was not in accordance with law and was undertaken without observance of procedure required by law.

75. The APA requires the reviewing court to hold unlawful and set aside agency action found to be not in accordance with law or undertaken without observance of procedure required by law. 5 U.S.C. § 706(2)(A), (D).

## VII. COUNT II — ADMINISTRATIVE PROCEDURE ACT

### Arbitrary and Capricious Failure to Address Existing Review Commitments and Reliance Interests (5 U.S.C. § 706(2)(A))

76. Plaintiff incorporates paragraphs 1 through 75 as though fully set forth herein.

77. Before PROVOSTINST 12335.1E, the Academy maintained an express tenure-track framework that specified review dates through supplemental appointment communications, required sixth-year consideration by the Yard-Wide Promotion and Tenure Committee, and established promotion-and-tenure submission procedures.

78. Plaintiff's supplemental appointment communication and subsequent reappointment letter each identified spring 2027 as Plaintiff's promotion-and-tenure review period.

79. PROVOSTINST 12335.1E removed tenure-review procedures without explaining how existing written review schedules, the Handbook's mandatory consideration requirement, or imminent review-cycle deadlines would be addressed for incumbent tenure-track faculty.

80. After receiving written notice specifically raising those issues, Defendants did not identify a grandfathering decision, replacement procedure, or assurance that existing tenure reviews would proceed.

81. When an agency changes an existing policy, it must display awareness that it is changing position, provide good reasons for the new policy, and account for serious reliance interests engendered by the prior policy. *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221–22 (2016).

82. An agency rescinding an existing policy must consider important aspects of the problem, including alternatives within the ambit of the existing policy and legitimate reliance interests. *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 30–33 (2020).

83. Defendants failed to address existing appointment-specific review schedules, the Handbook's mandatory sixth-year consideration language, imminent submission deadlines, transition alternatives, and the reliance interests produced by the prior framework.

84. To the extent the challenged instruction and its application are final and reviewable agency action, Defendants' failure to consider or explain those consequences was arbitrary and capricious within the meaning of 5 U.S.C. § 706(2)(A).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Professor Doe 1, individually and on behalf of the proposed class, respectfully requests that the Court:

A. Permit this action to proceed publicly under the pseudonym "Professor Doe 1," subject to the Court's resolution of Plaintiff's separately filed motion and appropriate confidentiality procedures;

B. Certify the proposed class under Rules 23(a) and 23(b)(2), appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel under Rule 23(g);

C. Declare, to the extent within the Court's jurisdiction, that Defendants may not apply PROVOSTINST 12335.1E to eliminate otherwise operative tenure-review procedures for incumbent tenure-track faculty without a lawful determination addressing the Academy's existing appointment and review framework;

D. Hold unlawful and set aside any final, reviewable agency action that unlawfully extinguishes or materially impairs Plaintiff's and the proposed class's existing tenure-review opportunities;

E. Remand, if appropriate, for a prompt, reasoned determination addressing existing tenure-track appointments and scheduled review opportunities before any affected review period is lost;

F. Enter preliminary and permanent injunctive relief, if warranted, preserving Plaintiff's and similarly situated faculty members' existing tenure-review eligibility while the legality of the challenged action is determined;

G. Direct, as appropriate, that Plaintiff and affected class members receive consideration under still-operative Academy procedures or a lawfully adopted replacement procedure that preserves the review opportunity established by their appointment and review framework, without requiring a favorable tenure determination for any candidate;

H. Award Plaintiff costs and reasonable attorney's fees to the extent Plaintiff establishes entitlement under the Equal Access to Justice Act, 28 U.S.C. § 2412, or other applicable law; and

I. Grant such other and further relief as the Court deems just, equitable, and within its jurisdiction.

## IX. JURY DEMAND

85. Plaintiff does not demand a jury trial because Plaintiff seeks only declaratory and injunctive relief.

Dated: November 16, 2026

Respectfully submitted,

/s/ Jason H. Ehrenberg
Jason H. Ehrenberg (MD ID No. 16481)
HOLON LAW PARTNERS, LLP
1178 Broadway, 3rd Floor #4503
New York, NY 10001
Telephone: (202) 888-3773
Email: jehrenberg@holonlaw.com

Eric D. Postow (VSB No. 91241)
(*pro hac vice* motion forthcoming)
HOLON LAW PARTNERS, LLP
9480 Main Street, #1238
Fairfax, VA 22031
Telephone: (703) 214-2003
Email: epostow@holonlaw.com

*Counsel for Plaintiff Professor Doe 1*
*and the Proposed Class*